[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action arises from a claim by six employees (the CT Page 13835 "claimants") that their employer failed to pay their wages. On November 4, 1993, pursuant to § 31-72, the plaintiff, Connecticut's Commissioner of Labor, filed an action on behalf of the claimants against the defendants, Venture Partners, LTD. ("Venture"), Gary Laskowski, Jonathan Betts, Peter Jacquith, Dennis Flavin, and Specialty Publishers, Inc., each allegedly having "specifically caused wages to be withheld" from the claimants, seeking to recover, among other things, twice the amount of the claimed unpaid wages.
The defendants Venture, Laskowski, and Betts (hereinafter referred to collectively as "the defendants"), move for summary judgment, arguing that under General statutes § 31-72, only the employer is liable for the claimed unpaid wages of employees. They argue that General statutes § 31-71a(1) defines "employer," and the evidence submitted establishes that the defendant Specialty Publishers, Inc., was the employer as that term is defined and as officers and managers they have no liability under the statute. Accordingly, the defendants argue that summary judgment should be granted.
The plaintiff urges this court to affirm its earlier decision in Fostervold v. Packet/P.C., Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 389398 (Jan. 8, 1993, Wagner, J.). In Fostervold, this court, citingGrossman v. Centeur Sciences, Inc., 14 CLT 40 at page 760,3 CSCR 760 (Judicial District of Stamford/Norwalk at Stamford, August 30, 1988, Cioffi, J.), denied a motion for summary judgment by a defendant corporate officer on the ground that there was a genuine issue of material fact as to whether the defendant specifically caused the withholding of wages.
Plaintiff concedes that the claimants were originally hired and employed by Specialty Publishers, Inc., but argues that under § 31-72, corporate officers can be liable for the unpaid, earned wages of corporate employees if the corporate officer specifically caused the wages to be wrongfully withheld. The plaintiff argues that there is a genuine issue of material fact as to whether the defendants acted as the corporate officers of Specialty Publishers, Inc., and moreover, that there is a genuine issue of material fact as to whether the defendants specifically caused the wages to be withheld. Thus, the plaintiff argues that the defendants' motion for summary judgment should be denied.
The pleadings in this case raise a genuine issue of material CT Page 13836 fact as to whether the defendants acted as the corporate officers of Specialty Publishers, Inc., and specifically withheld the wages in question. The defendant, however, maintains that corporate officers cannot be liable under § 31-72 for the unpaid wages of a corporation, because they are not an "employer" — whether or not they specifically withheld the wages in question.
General Statutes § 31-72 empowers the Commissioner of Labor to bring a civil action on behalf of an employee to collect unpaid wages, reading in part as follows:
 When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, . . . the labor commissioner may bring any legal action necessary to recover twice the amount of unpaid wages, . . . and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court.
There is no disagreement that an action brought pursuant to § 31-72 to recover unpaid wages is brought against the employer. The problem is that the legislature failed to define "employer" as that term is used in § 31-72.
Review of the Superior Court decisions shows that in addition to Grossman and Fostervold, at least one other Superior Court decision has interpreted § 31-72 as embodying a legislative intent based on a remedial public policy that any individual connected with an employer found to have wrongfully withheld wages may be held liable under the statute to a claimant, whether or not he was "the employer" at the time. Sullivan v. ProgressBuilders, Inc., Superior Court, judicial district of Waterbury, Docket No. 96086 (August 22, 1990, Byrne, J.) Other Superior Court decisions have held to the contrary. Dimesky v. Thumlert,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 355767 (June 10, 1991, Stengel, J.); Huttov. Corroon Black of Conn. Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 112386 (Feb. 28, 1991, Mottolese, J.).
A recent federal district court decision has held that the CT Page 13837 remedial purpose of the statute does not require recognition of a claim for unpaid wages against a corporate officer alleged to have acted in bad faith in knowingly withholding salary and benefits from any employee. Stockmar v. Warrec Company,844 F. Sup. 103 (D. Conn. 1994). In that case Judge Nevas noted that the defendant corporate officer was not immunized from liability because he could be reached by piercing the corporate veil and establishing alter ego ability. It is noted that following the actual trial of Sullivan v. Progress Builders, Inc., supra, Judge Healey, in his decision dated July 18, 1991, while declining to find the defendant corporate officers liable as such under the statute, nevertheless rendered judgment against them because they were "in full control" and the employer corporation was their "alter ego."
After reviewing these various decisions this court concludes that § 31-72 is not construed beyond its intended meaning by holding a corporate officer alleged to have "specifically caused wages to be withheld" responsive to an unpaid wage claim under the statute, either under an "alter ego" theory or as a matter of statutory interpretation. In essence, this court reaffirms its decision in Fostervold, and holds that since there remains several issues of material fact in dispute, defendant's motion for summary judgment is denied.
Wagner, J.